## PEOPLE ex rel. TUELL v. PAINE.

### In re TUELL.

(Supreme Court, Appellate Division, First Department.   March 11, 1904.)

1. MOTIONS—LEAVE—CONTEMPT PROCEEDINGS—ORDER TO TAKE DEPOSITION.
   In proceedings to punish a judgment debtor for contempt for transferring property contrary to an order of examination in proceedings supplementary to execution, the debtor denied having transferred claims of any value, and the creditor applied for an order to take the deposition of a person who was said to owe money to the debtor, but who refused to make affidavit, under Code Civ. Proc. § 885, permitting such order, but the motion was denied, without prejudice to any application to be made on further papers. Subsequently the creditor made the motion in a special proceeding under the provisions of said section, and, a question being raised as to whether it could be granted in such proceeding, he made a motion on a different set of papers, entitling the same as in an action wherein the judgment creditor was made relator; but both motions were refused. *Held*, on appeal from the orders in each case, that no leave was necessary to make the first of the two latter motions, as the order of the court reserved in the party the right to make the same, and no leave was necessary for the last motion, as it was made in an action differently entitled.

2. SAME—UNNECESSARY ORDER.
   The motions were properly refused, as the testimony could have been taken under Code Civ. Proc. § 2280, authorizing a party on the hearing for contempt and on return of interrogatories to produce affidavits or other proof, and the party was not compelled to proceed under section 885, providing that where a party intends to make a motion, and it is necessary for him to have the affidavit or deposition of a person not a party, the court may, in its discretion, appoint a referee to take the deposition of such person.

Appeal from Special Term, New York County.

Motion by Joseph B. C. Tuell in proceedings against Joseph O. Paine for an order to appoint a referee to take the deposition of Ignatius Qualey for use on an intended motion in another proceeding, and a motion to the same effect in a proceeding instituted for that purpose. From orders denying the motions, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Henry W. Hardon, for appellant.
George W. Bristor, for respondent.

HATCH, J.   Joseph B. C. Tuell recovered a judgment against J. Overton Paine in the sum of $2,296.15.   Execution was issued thereon, and returned unsatisfied.   Paine appeared before a referee in proceedings supplementary to execution.   The order for such examination contained the usual provision prohibiting the judgment debtor from in any wise disposing of any of his property which was not ex-

empt from levy and sale under an execution. Paine first appeared before the referee on April 13, 1903, at which time he applied for an adjournment. The referee thereupon asked him if the order served upon him contained the usual stay, to which Paine's counsel replied that it did. Upon April 16th Paine reappeared before the referee, at which time he testified that he had upon that morning made an assignment of all his property for the benefit of his creditors, and that his counsel, Mr. Galloway, was the assignee. An attachment was thereupon issued, and Paine was arrested for a contempt of court. Paine gave bail, and upon the hearing on the return of the attachment he denied the alleged contempt, and interrogatories were thereupon settled, to which he was directed to reply. One of these interrogatories was as follows: "Did the value of your property so transferred by you to Mr. Galloway exceed the sum of $2,500? If you say 'No' to this interrogatory, annex to your answer a schedule of all the property so transferred by you, * * * and state in connection with each piece of property what its value was. * * *" To which said Paine made answer in substance as follows: That the value of the property assigned by him did not exceed the sum of $2,500, that he assigned property of no value not exempt from seizure on execution, and that he could not make a schedule of the property so assigned. The judgment creditor was informed that in February, 1903, Paine had loaned to one Qualey $2,000 or more, and that the same had not been repaid to Paine at the time of the assignment, and that Qualey was solvent, and abundantly able to repay the same. Qualey refused to make affidavit to such facts, but stated that they were true. The appellant contends that the truth as to these facts should be ascertained, in order to punish Paine for a contempt of court, he having testified that he had not assigned anything of value. Thereupon the appellant made an application for an order to take Qualey's deposition before a referee, under section 885 of the Code of Civil Procedure. This application was made before Mr. Justice Blanchard, before whom the contempt proceedings were pending. The motion was denied, the learned judge stating: "The plaintiff has the right, under section 2280 of the Code of Civil Procedure, to produce affidavits or other proofs contradicting any answer, and I do not believe that any such purpose would be served by a reference." The order entered thereon provided that the denial of the motion should be without prejudice to any application which the relator might make herein on further papers. Subsequently the plaintiff made the motion in the proceeding first above entitled at Special Term, and the motion was again denied; not for want of power, but in the exercise of discretion. Some question having been raised as to whether the motion could be granted in a special proceeding under the provision of section 885 of the Code of Civil Procedure, the plaintiff thereafter made a motion upon a different set of motion papers, entitling the same as in an action wherein the judgment creditor was made relator, and upon these papers a motion was made for the same relief, and disposition of such motion was the same as in the other proceeding. The appeals herein are from the orders denying the motion entered in each case. No leave was necessary to make the first motion, as

the order of Mr. Justice Blanchard reserved in the party the right to make the same, and no leave was necessary in the second case because it was made upon different papers, and in an action differently entitled; but we think it was proper to deny the motion in each case. The plaintiff is undoubtedly entitled to procure the deposition of Qualey, and the facts which appear show that his deposition is material in the contempt proceeding. His testimony, however, could be taken directly in the proceeding itself, and the witness could be compelled to appear before the court upon such proceeding either by subpœna or order under the provisions of section 2280 of the Code of Civil Procedure. That section authorizes a party upon the hearing for contempt and on the return to the interrogatories to produce affidavits or other proof, and all that was necessary for the plaintiff to do was to take steps for the production of Qualey in court upon that proceeding when this testimony could be given.

It follows that the orders should be affirmed, with $10 costs and disbursements in each case.

INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., concurs in result.